FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 15 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LANCE REBERGER,

    Plaintiff,

v.

KOEHN, et al.,

    Defendants.

Case No. 3:15-cv-00551-MMD-VPC

ORDER

## I. DISCUSSION

On December 12, 2015, the Court issued a screening order and found that Plaintiff had three prior actions that were dismissed before service for failure to state a claim and he was subject to the "three strikes" provision of 28 U.S.C. § 1915(g). (ECF No. 3 at 1). Accordingly, Plaintiff could only proceed if he prepaid the $350 filing fee *or* if he demonstrated that he was "under imminent danger of serious physical injury." (*Id.* quoting 28 U.S.C. § 1915(g)). The Court concluded that Plaintiff "alleged to be in imminent danger of serious physical injury and there is a nexus between the imminent danger he alleges and the legal claims asserted in his complaint." (*Id.* at 2). The Court's finding was based on Plaintiff's allegations that Defendants Koehn and Aranas were preventing him from taking his HIV medications as prescribed and as a result, Plaintiff's T-cell count had dropped 500 points, causing him to be more susceptible to developing AIDS and other infections. (*Id.*).

Plaintiff filed a second amended complaint which the Court screened and on June 15, 2016, the Court directed the parties to participate in an early mediation conference. (ECF No. 9, 11). The ruling on Plaintiff's *in forma pauperis* application was deferred while the parties attended mediation. (ECF No. 9 at 6).

1  On September 9, 2016, Defendants filed a "Notice Negating Plaintiff's Claims of Imminent Harm." (ECF No. 14). In this notice, Defendants submit argument and evidence that Plaintiff is *not* in imminent danger and that he should be barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and pay the full $350.00 filing fee. (*Id.* at 1).

The Ninth Circuit has recognized that when a defendant challenges a prisoner's right to proceed *in forma pauperis*, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's *in forma pauperis* status. *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). In *Andrews v. King*, the court reviewed the defendants' challenge to plaintiff's *in forma pauperis* status on the grounds that the plaintiff had three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim" and thus he was subject to the three strikes provision pursuant to 28 U.S.C. § 1915(g) and barred from proceeding *in forma pauperis*. *Id.* at 1120. The court ultimately found that defendants did not meet their burden of showing that plaintiff had three strikes. *Id.* at 1120-21.

Before the Court now is not a challenge as to whether the Plaintiff has "three strikes." The Court recognized in its initial screening order that Plaintiff had three prior actions that were dismissed before service for failure to state a claim. (*See* ECF No. 3 at 1). Instead, the challenge is to whether Plaintiff is under imminent danger of serious physical injury, such that Plaintiff is barred from proceeding *in forma pauperis* in this case.

In applying the rationale of *King*, the Court finds that Defendants may challenge the Court's earlier finding that Plaintiff was under "imminent danger of a serious injury." Accordingly, the Court will construe Defendants' "Notice" as a motion and allow Plaintiff an opportunity to respond. *See, e.g., Balzarini v. Lewis*, 2015 WL 2345464, No. 1:13-cv-00820-LJO-BAM (PC) (E.D. Cal. May 14, 2015); *Taylor v. Watkins*, 623 F.3d 483 (7th Cir. 2010.). In both *Balzarini* and *Taylor*, the district courts concluded, after reviewing evidence submitted by both sides, that the prisoner-plaintiff was not under imminent danger of serious physical injury and revoked *in forma pauperis* status. *Balzarini*, 2015 WL 2345464, *8; *Taylor*, 623 F.3d at 485.

Accordingly, the Court will construe Defendants' "Notice Negating Plaintiff's Claim of

Imminent Harm" (ECF No. 14) as a motion and allow Plaintiff fourteen (14) days from the date of this order to file a response. Defendants may file a reply within seven (7) days after Plaintiff's response is filed.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff has fourteen (14) days from the date of this order to respond to Defendants' Motion/Notice Negating Plaintiff's Claim of Imminent Harm (ECF No. 14). Defendants may file a reply seven (7) days after Plaintiff's response is filed.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL SERVE Defendant's Notice/Motion (ECF No. 14) and Sealed Submission of Exhibit B (ECF No. 15) on Plaintiff.

DATED: This 15th day of September, 2016

_____
United States Magistrate Judge