FILED ✓      RECEIVED
ENTERED      SERVED ON
             COUNSEL/PARTIES OF RECORD

SEP 26 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LANCE REBERGER,

    Plaintiff,

v.

MICHAEL KOEHN, et al.,

    Defendants.

Case No. 3:15-cv-00551-MMD-VPC

ORDER

## I. DISCUSSION

On September 19, 2016, the Court directed Plaintiff to respond to Defendants' Motion/Notice Negating Plaintiff's Claim of Imminent Harm within fourteen days. (ECF No. 19 at 3). Plaintiff has filed three related motions that the Court will now address.

### A. Motion for Court Appointed Investigator or Pro Bono Counsel to Assist with Discovery (ECF No. 20)

Plaintiff seeks a court appointed investigator or pro bono counsel to assist with serving NDOC personnel interrogatories and other discovery requests. (ECF No. 20 at 1).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these

considerations is dispositive and instead must be viewed together." *Id.*

The Court does not find there are exceptional circumstances here that warrant the appointment of either an investigator or counsel. Plaintiff has been served with Defendants' notice/motion negating claim of imminent harm and the documents in support of it. Exhibit B (Plaintiff's medical records), which has been filed under seal, is to be made available to Plaintiff for his review at the warden's office. (*See* ECF No. 13 at 2). Plaintiff has all the documents Defendants relied upon in their motion and he can respond accordingly. Plaintiff is not entitled to discovery at this preliminary stage of his case. Plaintiff's motion is denied.

### B.    Motion for Extra $30 on NDOC Copy Machine (ECF No. 21)

Plaintiff seeks an additional $30.00 in copy funds. (ECF No. 21). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). In this case, the Court grants Plaintiff's request, in part, to extend his copy work account limit by another $ 5.00.

### C.    Motion to Strike Notice of Under Seal Submission (ECF No. 23)

Plaintiff also moves to strike the notice of filing of Exhibit B under seal (ECF No. 16), which indicates that Plaintiff's medical records (Exhibit B) were filed under seal. Plaintiff moves to strike on three grounds: (1) this was filed in contravention of the 90-day stay, (2) the documents prejudice Plaintiff, and (3) Exhibit B is based on falsification of medical records.

The 90-day mediation stay the Court ordered on June 15, 2016 (ECF No. 9) was set to expire on September 13, 2016. Defendants filed their notice/motion four days prior the expiration of the stay, on September 9, 2016. (*See* ECF No. 14). While ideally these documents would have been filed the day the stay expired, the Court finds that Plaintiff is not prejudiced by the Court accepting these filings. The Court has provided Plaintiff with an

opportunity to respond to Defendants' notice/motion. Had Defendants' notice/motion been filed after the stay expired, the Court would be taking the same course of action as it is now in considering the notice/motion after giving Plaintiff an opportunity to be respond.

With respect to the other arguments of Plaintiff's, the fact that these documents "prejudice" him because they are contrary to what he alleged in his second amended complaint is precisely why Defendants have filed them. Defendants do not believe Plaintiff to be "under imminent danger of serious physical injury" and have filed these documents in support of their argument. Plaintiff is free to make any arguments regarding what these documents do, or do not, prove and their authenticity and veracity in his response to Defendants' notice/motion. The Court denies Plaintiff's motion to strike.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for court appointed investigator or pro bono counsel (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for extra $30 on NDOC copy machine (ECF No. 21) is GRANTED IN PART and DENIED IN PART in the amount of $5.00. The Nevada Department of Corrections shall extend Plaintiff's prison copy work limit by another $5.00.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is granted additional time to respond to Defendants' notice/motion (ECF No. 14) and has until Friday, October 7, 2016, to file his response. Defendants' reply is due no later than Friday, October 14, 2016.

DATED: This 26th day of September, 2016.

United States Magistrate Judge