UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>                    Plaintiff,<br>     v.<br><br>MICHAEL KOEHN et al.,<br><br>                    Defendants. | Case No. 3:15-cv-00551-MMD-VPC<br><br>ORDER |

## I. DISCUSSION

On December 2, 2015, the Court issued a screening order which noted that Plaintiff had three strikes pursuant to 28 U.S.C. § 1915(g) but found that Plaintiff had sufficiently alleged that he was in imminent danger of serious physical injury at the time of filing his complaint.[1] (ECF No. 3 at 1-2.) The Court deferred a decision on the application to proceed *in forma pauperis*, screened Plaintiff's complaint, and granted Plaintiff leave to file an amended complaint. (*Id.* at 8.) On June 15, 2016, the Court screened Plaintiff's second amended complaint and referred the case to the early inmate mediation program. (ECF No. 9 at 7.)

Prior to mediation, Defendants filed a "notice" negating Plaintiff's claims of imminent harm. (ECF No. 14, 17.) Defendants argued that Plaintiff had not been in imminent danger at the time of filing his complaint and, thus, should be barred from

---

[1] In making that finding, the Court relied on Plaintiff's allegations that he had to receive his HIV medication exactly 12 hours, that prison officials had been administering his medication between 9 ½ to 16 hours apart, and that this medication inconsistency had caused him to be on the verge of developing AIDS. (ECF No. 3 at 2.)

proceeding *in forma pauperis.* (ECF No. 14 at 1.) Defendants attached evidence in support of their argument. (*See* ECF No. 14-1, 14-2, 14-3, 14-4). After mediation, the Court entered an order recognizing that Defendants bore the burden of producing sufficient evidence to establish that § 1915(g) barred Plaintiff's *in forma pauperis* status. (ECF No. 19 at 2). This Court construed the notice as a motion to challenge Plaintiff's *in forma pauperis* status and granted Plaintiff time to respond. (*Id.* at 2-3).

Before the Court could enter an order ruling on the notice to challenge Plaintiff's *in forma pauperis* status, Defendants filed a motion for summary judgement on the same issue. (ECF No. 29.) The Court granted Plaintiff time to file a response and for Defendants to file a reply. (ECF No. 36.) Plaintiff now files a motion for an extension of his copy work limit (ECF No. 40), a motion for an order authorizing an early review of all of Plaintiff's medical records (ECF No. 41), and a motion to receive a copy of a minute order (ECF No. 42).[2]

The Court denies Plaintiff's motion for an order authorizing an early review of all of his medical records. (ECF No. 41.) The issue is whether Plaintiff faced imminent danger of serious injury at the time of filing his complaint on November 12, 2015. (ECF No. 1.) Plaintiff does not need to review his entire medical history to make his argument. Moreover, Defendants have attached the drug manufacturers' literature on Plaintiff's HIV drugs and Plaintiff's medical records under seal. (ECF No. 29-4, 29-5, 30.) Plaintiff may access the sealed documents by kiting the warden to review the exhibits. (ECF No. 13 at 2.) As such, the motion to review Plaintiff's entire medical history is denied.

The Court denies Plaintiff's motion to receive a copy of the minute order entered on October 13, 2016 (ECF No. 42) because those deadlines were changed by the minute order entered on October 14, 2016. (*See* ECF No. 36.)

///

///

---

[2]The Court will also address Defendants' motion for leave to file confidential documents under seal (ECF No. 13) and Plaintiff's motion to strike a notice of a submission (ECF No. 38).

The Court grants Plaintiff a $5.00 extension of his copy work limit. (ECF No. 40.) However, the Court will not grant any further extensions on the copy work limit in order for Plaintiff to file a response to the motion for summary judgment.

**II.  CONCLUSION**

For the foregoing reasons, it is ordered that the motion for an extension of copy work limit (ECF No. 40) is granted in part. The Nevada Department of Corrections will extend Plaintiff's prison copy work limit by another $5.00.

It is further ordered that the motion for order authorizing early review of all of Plaintiff's medical records (ECF No. 41) is denied.

It is further ordered that the motion to receive a copy of a minute order (ECF No. 42) is denied.

It is further ordered that the motion to strike a notice of submission (ECF No. 38) is denied.

It is further ordered that the motion to file Plaintiff's medical records under seal (ECF No. 13) is granted.

It is further ordered that Plaintiff will file his response to the motion for summary judgment on or before Wednesday, November 9, 2016. Defendants will file any reply on or before Monday, November 28, 2016. The Court will not grant any further extensions of time for the parties to complete their briefing on the motion for summary judgment.

DATED THIS 26th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE