UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LANCE REBERGER,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>MICHAEL KOEHN et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:15-cv-00551-MMD-VPC<br><br>ORDER |

## I.　DISCUSSION

On June 15, 2016, the Court issued a screening order which deferred a decision on Plaintiff's application to proceed *in forma pauperis* for ninety (90) days to give the parties an opportunity to settle their dispute. (ECF No. 9 at 6-7.) In an earlier order, the Court acknowledged that Plaintiff had three (3) strikes but found that Plaintiff had alleged to be in imminent danger of serious physical injury in his complaint. (ECF No. 3 at 2.) The Court found imminent danger based on the following allegations:

> Plaintiff alleges that he has the human immunodeficiency virus (HIV) and that Dr. Koehn and Romeo Aranas are preventing him from taking his HIV medications as prescribed. Plaintiff has two HIV medications (Norvir and Invirase) which must be taken with food every 12 hours. Plaintiff alleges that beginning in September of 2014, the medication has been administered by ESP nurses anywhere from 9½ hours to 16 hours apart. Due to the incorrect timing of his medication, Plaintiff alleges that his T-cell count had dropped 500 "points" in the past year, causing him to be on the verge of developing AIDS and more susceptible to other infections. He also alleges that not taking his medication as prescribed makes it more likely that the medication may become ineffective.

(*Id.*)[1]

---

[1] The Court found that Plaintiff's original complaint, filed on November 12, 2015, had stated facts sufficient to allege that he was in imminent danger at the time of filing his complaint. The Court later granted Plaintiff leave to file an amended complaint, filed on April 22, 2016, in which he alleged the same imminent danger facts. (*Compare* ECF No. 4 *with* ECF No. 8.)

On September 13, 2016, the parties engaged in mediation but did not reach a settlement. (ECF No. 17.) Before the Court issued a decision on the application to proceed *in forma pauperis*, Defendants challenged the finding that Plaintiff had satisfied the imminent physical danger exception and argued that Plaintiff should be barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) based on his three strikes status. (ECF No. 14.) The Court found that Defendants could challenge the Court's earlier finding that Plaintiff was under imminent danger of serious physical injury and granted Plaintiff an opportunity to respond. (ECF No. 19 at 2.)

Before the briefing period ended and before the Court could address Defendants' first challenge to Plaintiff's imminent danger status, both Plaintiff and Defendants filed numerous other motions, responses to those motions, and replies to those motions. The following motions are now pending before the Court: Defendants' motion for summary judgment (ECF No. 29), Plaintiff's motion for discovery of his medical records (ECF No. 45), Defendants' motion to strike one of Plaintiff's supplements (ECF No. 47), Plaintiff's motion to dismiss the motion for summary judgment (ECF No. 49), Plaintiff's motion for reconsideration to review medical records for discovery (ECF No. 50), and Defendants' motion to strike one of Plaintiff's pleadings (ECF No. 59).

### A.   Motion for Summary Judgment[2] (ECF No. 29)

#### 1.   Legal Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue

---

[2] The Court notes that both Plaintiff and Defendants make several arguments as to why Plaintiff did or did not demonstrate that he was in imminent danger at the time he filed his complaint. The Court will only focus on the arguments that address the reasons why the Court found that Plaintiff had demonstrated imminent danger at the time he filed his complaint.

2

is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**2.  Analysis**

In the motion for summary judgment, Defendants argue that nothing in the full prescribing information for both Invirase and ritonavir, brand name Norvir, states that the drugs must be taken every twelve (12) hours. (ECF No. 29 at 8-9.) Defendants argue that the Invirase literature states that Invirase should be administered with ritonavir twice daily

within two (2) hours after a full meal. (*Id.* at 8.) Defendants state that the ritonavir literature also states that the drug must be administered twice daily with meals. (*Id.* at 9.) Defendants attach the full prescribing information for each drug as exhibits. (ECF No. 29-4, 29-5.)

In the Invirase prescribing literature, the drug manufacturer states the following: "The standard recommended dose of INVIRASE is 1000-mg twice daily . . . in combination with ritonavir 100-mg twice daily . . . Ritonavir should be taken at the same time as INVIRASE. INVIRASE and ritonavir should be taken within 2 hours after a meal." (ECF No. 29-4 at 4-5.) The Invirase literature provides the following dosing instructions:

> Advise patients that INVIRASE must be used in combination with ritonavir, which significantly inhibits saquinavir's metabolism to provide increased plasma saquinavir levels. Advise patients that INVIRASE administered with ritonavir should be taken within 2 hours after a full meal . . . When INVIRASE is taken without food, concentrations of saquinavir in the blood are substantially reduced and may result in no antiviral activity. Advise patients of the importance of taking their medication every day, as prescribed, to achieve maximum benefit. Patients should not alter the dose or discontinue therapy without consulting their physician. If a dose is missed, patients should take the next dose as soon as possible. However, the patient should not double the next one.

(*Id.* at 30-31.) The Norvir prescribing literature states that the "recommended dosage of ritonavir is 600 mg twice daily by mouth to be taken with meals." (ECF No. 29-5 at 5.)

Instead of filing an opposition to the motion for summary judgment, Plaintiff filed a motion to dismiss motion for summary judgment. (ECF No. 49.) The Court interprets the motion to dismiss as an opposition to Plaintiff's motion for summary judgment. In the opposition, Plaintiff states that his version of the facts are true. (ECF No. 49 at 1.) Plaintiff also argues that his medical history is in error and argues that he should be able to keep prescription medicine on his person. (*Id.* at 2-3.) Plaintiff argues that he must consume all of his HIV medications every twelve (12) hours with food with no exceptions per the drug manufacturer's instructions. (*Id.* at 3.) Plaintiff reiterates that prison officials administer his medication from 9 ½ to 16 hours apart. (*Id.*)

///

4

In support of his arguments, Plaintiff attaches a letter addressed to him from AbbVie, the drug manufacturer of Norvir, which specifically addressed the "definition of twice-daily dosing." (ECF No. 49 at 31.) The letter is from Cheryl Hanson, Pharm D Manager of AbbVie Inc.'s Global Medical Information. (*Id.* at 31-32.) In the letter, Hanson provides a definition of twice-daily dosing for Norvir which states that "twice-daily administration refers to administration of the medication every 12 hours." (*Id.* at 33.)

In response, Defendants filed an opposition to Plaintiff's motion to dismiss motion for summary judgment. (ECF No. 53.) However, instead of responding to Plaintiff's substantive arguments and construing the motion to dismiss as an opposition to the motion for summary judgment, Defendants construe the motion to dismiss as a motion to strike and argue that the Court should deny the motion to strike. (*Id.* at 3-4.)

The Court denies Defendants' motion for summary judgment. Plaintiff has provided evidence that the drug manufacturer intended for Plaintiff to receive his HIV medication every twelve (12) hours. Defendants have not provided any evidence to contradict the every twelve (12) hour directive. Viewing the evidence that Plaintiff offered and drawing all inferences in the light most favorable to Plaintiff as the nonmoving party, Plaintiff has sufficiently satisfied the imminent physical danger showing for three strikes purposes. Accordingly, the Court will grant Plaintiff's application to proceed *in forma pauperis* and this case will proceed on the normal litigation track. The Court notes that this order only addresses whether Plaintiff has made a sufficient showing to proceed *in forma pauperis* based on the imminent physical danger exception to 28 U.S.C. § 1915(g). This order does not express any opinions on the merits of Plaintiff's claims.

### B.    Miscellaneous Motions

In light of the Court's denial of the motion for summary judgment, the Court denies the motion for discovery of medical records (ECF No. 45), the motion to strike supplement (ECF No. 47), the motion to reconsider review of medical records (ECF No. 50), and the motion to strike (ECF No. 59).

///

5

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for summary judgment (ECF No. 29) is denied.

It is further ordered that the motion for discovery of Plaintiff's medical records (ECF No. 45) is denied.

It is further ordered that the motion to strike supplement (ECF No. 47) is denied.

It is further ordered that the motion to dismiss (ECF No. 49) is denied as moot and construed as an opposition to the motion for summary judgment.

It is further ordered that the motion to reconsider review of medical records (ECF No. 50) is denied.

It is further ordered that the motion to strike (ECF No. 59) is denied.

The Court will process the application to proceed *in forma pauperis* (ECF No. 1) in a separate order.

DATED THIS 23rd day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE