UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LANCE REBERGER,

Plaintiff,

v.

MICHAEL KOEHN, *et al.,*

Defendants.

Case No. 3:15-cv-00551-MMD-VPC

ORDER

The Magistrate Judge denied Plaintiff's request for Defendants to provide a more definite statement to their answer to Plaintiff's second amended complaint ("SAC"). (ECF No. 96.) Plaintiff has filed an objection (ECF No. 103) to which Defendants have replied (ECF No. 113). Plaintiff has filed a reply in support of his objection. (ECF No. 133.) However, LR IB 3-1(a) provides that "[re]plies will be allowed only with leave of the court." Plaintiff's reply was filed without leave of the Court and will be stricken.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to

support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiff cannot demonstrate that the Magistrate Judge's decision to deny his motion for Defendants to provide a more definite statement to their answer to the SAC is clearly erroneous. Plaintiff argues that because Fed. R. Civ. P. 7(a)(7) permits the Court to order "a reply to an answer," that rule permits him to request for a more definite statement from Defendants. Plaintiff's reading of Rule 7(a)(7) is incorrect. Rule 7(a)(7) provides that a reply to an answer may be filed if the court permits it. The Court has not permitted a reply to an answer. Moreover, the relief Plaintiff is requesting here—a more definite statement in an answer to Plaintiff's SAC—is not available. A party who answers a complaint may simply admit or deny the allegations. No more is required of that party. Rule 12(e) does not apply in this context.

It is therefore ordered that Plaintiff's objection (ECF No. 103) is overruled. The Clerk is instructed to strike Plaintiff's reply (ECF No. 122).

DATED THIS 29th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2