UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER, | Case No. 3:15-CV-0551-MMD (VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| ESP GENERAL PRACTITIONER MICHAEL KOEHN, et al., | |
| Defendants. | |

On September 27, 2017, this court held a hearing to consider numerous motions of plaintiff, Lance Reberger ("plaintiff") (ECF No. 146). The court ordered plaintiff and defendants' counsel to meet and confer regarding the plaintiff's motions to compel (ECF Nos. 101, 107, & 116), and ordered that they also discuss medical records and other documents plaintiff asked to review (ECF No. 146). The court also stayed discovery to allow the parties to conduct their meet-and-confers regarding these outstanding discovery disputes and to file joint or separate case management reports concerning the outcome of those efforts. (*Id.*) Upon receipt of the case management report(s), the court indicated it would set a hearing or issue a written order. Defendants filed their case management report (ECF Nos. 152 & 168), plaintiff filed his objection (ECF No. 155), and defendants replied (ECF No. 162). In their reports, the parties refer to ten letters they exchanged between April and August 2017, as well as three sets of interrogatories that plaintiff propounded to defendants Aranas, Koehn, and Stark. The court notes that defendants itemized the issues raised in each letter and reported their understanding of the parties' agreements or disagreements. However, upon review of plaintiff's objection, it appears that the parties differ greatly about the result of their meet-and-confer efforts; therefore the court will address each issue raised in turn.

1

I. **Plaintiff's Letters Regarding Discovery**

   A. **Letter to Defendants' Counsel Dated April 16, 2017 (ECF No. 168-1, Ex. A):**

   1. Attorney Case Files:

      The attorney-client privilege and work product doctrine prohibit plaintiff from reviewing the Attorney General's Office legal files in this action. This request is denied.

   2. Detailed Information About All Ely State Prison (ESP) Medical Personnel:

      Defendants are directed to provide plaintiff with the first and last names of all medical personnel at ESP who treated plaintiffs during the operative time frame of the complaint. For each individual, defendants shall provide the individual's title, job duties and hours of employment.

   3. Detailed Information of all High Desert State Prison ("HDSP") Medical Personnel:

      Defendants shall provide the same information outlined in Item 2 above as it pertains HDSP medical personnel.

   4. Administrative Regulations ("ARs") and Operational Procedures ("OPs) for Medication at ESP and HSDP:

      Defendants shall provide plaintiff with the applicable ARs and OPs for medication for ESP and HDSP for the operative times frames in the complaint.

   5. Titles and Authors of Medical Drug Books at ESP, HDSP, and at NDOC Medical in Medical Administration Building 17:

      This request is denied as grossly over broad and burdensome.

   6. Information Regarding the Number and Location of All Computers at ESP and NDOC Building 17, including details about Internet access:

      This request is denied as grossly over broad and burdensome.

   7. All Electronically Stored Information ("ESI") Concerning HIV Specialists, HIV Drug Manufacturers Provided to NDOC, ESP and HDSP:

      This request is denied as grossly over broad and burdensome.

   8. All Written Communications Among Medical Experts, HIV Specialists, HIV Drug Manufacturers, NDOC, ESP and HDSP Medical Staff, and Defendants' Counsel:

      This request is denied as grossly over broad and burdensome.

**B. Letter to Defendants' Counsel Dated May 9, 2017 (ECF No. 168-1, Ex A):**

1. <u>All ESI at ESP and HDSP regarding Norvir, Invirase, Tricor, Aspirin, Multi-Vitamin (sic), Folic Acid and Calcium</u>:

   Defendants shall provide plaintiff with the name of manufacturers who provide NDOC with Norvir, Invirase and Tricor. Defendants will also provide plaintiff with NDOC's and ESP's ARs and OPs outlining where medications may be ordered from and who may order the medications, as long as disclosure of the regulations and procedures are not deemed a security risk.

2. <u>All ESI About the Above-Described Medications Between ESP, HDSP, NDOC, and Any Outside Vendor</u>:

   This request is denied as grossly over broad and burdensome.

3. <u>Personnel Information about ESP and HDSP Medical Personnel between 2014 through 2017</u>:

   Defendants shall provide plaintiff with the first and last names of all medical personnel at ESP who treated plaintiff during the operative time frame of the complaint. For each individual, defendants will provide the individual's title, job duties, and hours of employment.

4. <u>Current Personal and Work Address of Amy Godenis, RN</u>:

   This request is denied, as such information is not provided to inmates due to security concerns.

5. <u>All ESI and Other Information about the Pharmacy in Reno, Nevada that Provides Plaintiff's HIV Medications</u>:

   Defendants shall provide plaintiff with the address of the Reno, Nevada pharmacy from which ESP receives his HIV medications. If those medications are covered by state or federal funding, specifically the 340B program, defendants shall advise plaintiff.

**C. Letter to Defendants' Counsel Dated May 16, 2017 (ECF No. 168-1, Ex A):**

1. <u>All Documents and ESI Related to Grievance # 2006-29-85797</u>:

   This request is denied pursuant to Administrative Regulation ("AR") 740.02(4).

2. <u>Documents Concerning Plaintiff's Bed Assignments from 2014 through 2017</u>:

   Defendants shall provide plaintiff with his historical bed assignments for the period listed, provided such information is not deemed a security concern pursuant to the applicable ARs.

3. <u>Information Regarding Carol Meyer, an Employee of Renown Medical Center</u>:

Plaintiff shall obtain such information from Renown.

**D.     Letter Dated June 4, 2017:**

This letter is not attached to defendants' exhibit of letters. See ECF No. 16-1, Ex. A. Plaintiff reports that it is a letter addressed to "AG [Attorney General] and Warden Filson," and plaintiff objects for the same reasons set forth in his May 16, 2017 letter (ECF No. 155 at pages 5-7). The court has earlier ruled on these requests in its discussion of the May 16, 2017 letter.

**E.     Letter to Defendants' Counsel Dated June 11, 2017 (ECF No. 168-1, Ex. A):**

Plaintiff wrote a follow-up letter to defendants' counsel to request responses to his earlier requests. Those issues have been resolved as set forth in this order.

**F.     Letter to Defendants' Counsel Dated June 25, 2017 (ECF No. 168-1, Ex. A):**

Plaintiff wrote another follow-up letter to defendants' counsel concerning prior discovery requests, and the court has resolved those issues as noted in this order. In addition, plaintiff requested all ESI and other documents from Michael Koehn to ESP and HDSP personnel concerning plaintiff's medications. This request is denied as grossly over broad and unduly burdensome.

**G.     Letter to Romeo Aranas Dated June 25, 2017 (ECF No. 168-1, Ex. A):**

1. <u>Plaintiff's Historical Bed Assignments from 2014 through 2017</u>:

   Defendants shall provide plaintiff with his bed assignments for the period 2014 through 2017, provided it is not deemed a security concern pursuant to ARs.

2. <u>All Drug Books, Names, Titles, and Colors located in any Office Defendants Aranas Occupies at Every NDOC Facility</u>:

   This request is denied as grossly over broad and unduly burdensome.

3. <u>The Names and Job Descriptions of All Personnel Who Work at Medical Administration Building 17 located at 5500 Snyder Ave,. Carson City</u>:

   Defendants shall provide plaintiff with the names of all medical personnel in the medical administrative building 17 who treated plaintiff during the

4

operative time frame of the complaint. Defendants shall also provide each individual's title and job description.

4. <u>All Documents and ESI to and from Michael Koehn, Dawn Jones, Teresa Stark, Carol Meyer, and Amy Goenis Concerning Plaintiff's HIV/Aids Medications</u>:

Defendants shall review plaintiff's NDOC file for communications from the manufacturers of plaintiff's HIV/Aids medication, and if located, they shall be produced.

5. <u>Personnel Records for Marianne Moser and Carol Meyer, Including any Contracts with Renown as it Pertains to Plaintiff's HIV/Aid medications from 2010 to 2017</u>:

This request is denied, as personnel information is confidential pursuant to the Official Information Privilege. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 656-57 (N.D. Cal. 1987).

**H. Letter to Dawn Jones Dated June 25, 2017 (ECF No. 168-1, Ex. A):**

1. <u>All Information About All Medical Personnel at ESP, Including Detailed Information about Job Titles, Job Duties, and Working Hours</u>:

Defendants shall provide plaintiff with the names of all medical personnel in the medical administration building who treated plaintiff during the operative time frame of the complaint, and defendants shall also provide each individual's title and job description.

2. <u>All Historic Medical Procedures, ARs, and OPs Concerning HIV/Aids Medications and a Plethora of Other Protocols for NDOC and Renown</u>:

Defendants shall provide plaintiff with copies of AR 635, AR 639, OP 609, and OP 639, provided their disclosure does not implicate security concerns.

3. <u>Request for All Titles, Books, and Colors of Medical Drugs Concerning HIV/Aids, Cholesterol-Lowering Drugs, and Aspirin Located at ESP</u>:

This request is denied as grossly over broad and burdensome.

4. <u>All ESI Pertaining to Carol Meyer Concerning Plaintiff's Medications</u>:

Carol Meyer is an employee of Renown; therefore, defendants cannot produce these documents.

**I.     Letter to Defendants' Counsel Dated July 18, 2017 (ECF No. 168-1, Ex. A):**

    1.    <u>Defendants' Counsel's Attorney File for this Case</u>:

          Plaintiff is not entitled to this information, as it is protected by attorney-client privilege and the work product doctrine.

    2.    <u>All Files Pertaining to Plaintiff in the Office of Director Dzurenda, in the Offender Management Division, and in the Medical Administration Building in Carson City</u>:

          This request is denied as grossly over broad and unduly burdensome.

**J.     Letter to Defendants' Counsel Dated August 27, 2017 (ECF No. 16-1, Ex. A):**

    1.    <u>All Contracts Concerning Plaintiff's HIV/Aids Medications Between NDOC and Renown</u>:

          This request is denied as grossly over broad and unduly burdensome.

    2.    <u>All Contracts as set forth in Item 1 Concerning Distribution, Laws, State and Federal Financial Assistance, Regulations, and the Identities of all NDOC and Renown Personnel Who "Approve and Control and Regulate It All:"</u>

          This request is denied as grossly over broad and unduly burdensome.

    3.    <u>All ESI Concerning Items 1 and 2</u>:

          This request is denied as grossly over broad and unduly burdensome.

    4.    <u>Plaintiff's Request for Contact Visit at ESP with Defendants' counsel</u>:

          The request is denied.

    5.    <u>All ESI Regarding Plaintiff's Letters Dating from April 2017 through August 2017</u>:

          This request is denied because plaintiff seeks discovery protected by the attorney-client and the work product doctrine.

    6.    <u>Plaintiff Demands that He Receive All Discovery Requested to Date</u>:

          Plaintiff's request is granted in part and denied in part as set forth in this order.

II. **Defendant Aranas's Response to Plaintiff's Interrogatories (Set One) (ECF No. 168-1, Ex A)**:

A. **Interrogatory No. 3**:

Defendant Aranas will supplement this answer to include any medical specialties and areas of practice for which Dr. Aranas has a medical license.

B. **Interrogatory No. 11**:

Defendant Aranas shall supplement his response to clarify what "twice a day" means.

C. **Interrogatories Nos. 26 through 42:**

Plaintiff exceeded the number of interrogatories he can propound to any one defendant; therefore, defendant's objection stands. See Fed.R.Civ.P. (33a)(1).

III. **Defendant Koehn's Response to Plaintiff's Interrogatories (Set One) (ECF No. 168-1, Ex. A):**

A. **Interrogatory No. 7:**

Defendant Koehn shall supplement his response to include a description of his job duties while employed with the NDOC.

B. **Interrogatory No. 15:**

Defendant Koehn shall supplement his response to answer the question posed about plaintiff's medication taken at ESP while Dr. Koehn was employed at the prison.

C. **Interrogatory Nos. 23-42:**

Parties may only propound twenty-five interrogatories to each named party pursuant to Fed.R.Civ.P. 33(a)(1). Defendant objected to these interrogatories on that ground, but failed to explain why the defendant should not have to answer Interrogatory Nos. 23-25. Therefore, the court was required to review every prior interrogatory to determine whether plaintiff had exceeded his limit by asking more than one question in a given interrogatory. He did. Therefore, defendant's objection stands. Defendant's counsel is admonished to provide that information to the court when a plaintiff exceeds the number of interrogatories.

IV. **Defendant Stark's Response to Plaintiff's Interrogatories (Set One) (ECF No. 168-8, Ex. A):**

A. **Interrogatory No. 15:**

Defendant Stark shall supplement this response and provide the name of the individual, if known, who ordered plaintiff to consume his seven medications together at one time.

### B. Interrogatory Nos. 22 through 29:

Plaintiff has exceeded the number of interrogatories he may propound, and he did so by asking more than one question in prior interrogatories. Once again, defendant's counsel is admonished to provide information to the court when a plaintiff exceeds twenty-five interrogatories.

## V. Conclusion

Based upon the foregoing, plaintiff's motions to compel (ECF Nos. 101, 107 & 116) are GRANTED IN PART AND DENIED IN PART as set forth in this order. Defendants shall have thirty days from the date of this order to supplement their discovery.

**IT IS SO ORDERED**.

DATED: January 24, 2018.

_____
UNITED STATES MAGISTRATE JUDGE