UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>Plaintiff,<br>v.<br>ESP GENERAL PRACTITIONER MICHAEL KOEHN, et al.,<br><br>Defendants. | Case No. 3:15-CV-0551-MMD (VPC)<br><br>**ORDER** |

Plaintiff has brought three motions before the court. Before the court are two motions to compel by plaintiff, Lance Reberger ("plaintiff"). The first is a document styled as "objections in consolidation to Aranas and Koehn reservation of rights on their admissions" (ECF No. 150). Defendants responded (ECF No. 153) and plaintiff replied (ECF No. 154). The second is a motion to compel full discovery from all defendants' [sic], and objection to Jones [sic] response for production of documents (ECF No. 156). Defendants opposed (ECF No. 160) and plaintiff replied (ECF No. 164). The third is a motion to compel defendant Jones to fully/completely respond to interrogatories and objections to Jones [sic] reservation of rights (ECF No. 157). Defendants opposed (ECF No. 159) and plaintiff replied (ECF No. 163).

This order follows.

**I.      Plaintiff's Objections in Consolidation to Aranas and Koehn Reservation of Rights on Their Admissions (ECF No. 150)**

Plaintiff has styled this paper as an "objection," to this court's earlier order (ECF No. 146), but this court construes the objection as a motion for clarification. From what the court can

discern from plaintiff's objection, he disputes defendants' introductory "reservation of rights" in their responses to his requests for admissions. *See* ECF No. 153, Exs. B & C. Defendants' reservation of rights are identical and state:

> 1. Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential and privileged information. In preparing these responses, Defendant might not yet have discovered all bases to assert objections based on confidentiality and privilege. Accordingly, Defendant reserves the right to assert objections based on confidentiality and privilege if and when their applicability to the discovery request is realized; and
>
> 2. Defendant has not fully competed his investigation of the facts related to this case, have not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses *only* that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes, in, or variations from, the responses below set forth.

Rule 26(e) of the Federal Rules of Civil Procedure requires parties who have responded to discovery requests to supplement prior discovery responses if the party later discovers that the disclosure or response is incomplete or incorrect. It is a routine practice for parties to include a reservations of rights, as quoted above, to insure that all parties are aware that if new information becomes available, the responding party is required to supplement the discovery and disclose it. In addition, parties routinely include a reservation of rights to protect inadvertent disclosure of confidential or privileged information.

Based on the foregoing, plaintiff's objection (ECF No. 150) is **DENIED.**

**II.     Motion to Compel Full Discovery from All Defendants' [sic] and Objection to Jones [sic] Response for Production of Documents (ECF No. 156)**

This court issued an order on January 24, 2018, which addressed these identical discovery requests that plaintiff sent to defendants Aranas, Stark, and Koehn (ECF No. 170). The court also examined each letter that plaintiff sent to defendants' counsel for the period April

2

2017 through August 2017. (*Id.*)  As set forth in that order, the court addressed each of these requests for production of documents and incorporates by this reference its earlier order.  To the extent defendant Jones provided limited responses to the document production requests, those responses stand.  *See* ECF No. 160, Ex A.

Based on the foregoing, plaintiff's motion (ECF No. 156) is **DENIED.**

### III. Motion to Compel Defendant Jones to Fully/Completely Respond to Interrogatories and Objection to Jones [sic] Reservation of Rights (ECF No. 157)

The court has already addressed the plaintiff's objection to defendants' reservation of rights when responding to discovery; therefore, the court turns to plaintiff's motion to compel defendant Jones to respond to Interrogatory Nos. 9A, 11, and 17 through 31.

The court has reviewed the interrogatories and responses and finds that defendant Jones's answers to Interrogatory Nos. 9A and 11 sufficiently respond to the questions posed.  As for interrogatories 17 through 31, defendant exceeded his interrogatory limit of twenty-five (25) interrogatories; therefore, defendant's objections stand.  *See* Fed. R. Civ. P. 33(a)(1).

Based on the foregoing, plaintiff's motion to compel (ECF No. 157) is **DENIED.**

### IV. Conclusion

The court has considered plaintiff's three remaining discovery motions, and for the reasons set forth above, the motions (ECF Nos. 150, 156 & 157) are **DENIED.**

**IT IS SO ORDERED**.

DATED:  January 24, 2018.

_____
UNITED STATES MAGISTRATE JUDGE