UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LANCE REBERGER,<br><br>                 Plaintiff,<br>    v.<br>MICHAEL KOEHN, *et al.*,<br><br>                 Defendants. | Case No. 3:15-cv-00551-MMD-CBC<br><br>ORDER |

This order addresses numerous motions pending before the Court.

**1.    Defendant's Motion for Reconsideration (ECF No. 180) and Related Motions (ECF Nos. 181, 197, 218, 223, 227)**

In an order issued on January 23, 2017 (January 2017 Order), the Court denied Defendants' motion for summary judgment challenging the Court's initial finding that Plaintiff has alleged imminent danger of serious physical injury based on his allegations that he was prevented from taking two HIV medications (Novir and Invirase) with food every twelve hours (ECF No. 3 at 2). (ECF No. 62.) After considering the evidence presented, the Court found that "Plaintiff has sufficiently satisfied the imminent physical danger showing for three strikes purposes" under 28 U.S.C. 1915(g). (ECF No. 62 at 5.) In particular, the Court found that Plaintiff offered evidence (*i.e.*, a letter from Cheryl Hanson, manager at the manufacturer of the drug Norvir) to show that the drug manufacturer intended for Plaintiff to receive his medication every twelve hours. (*Id.* at 5.) The Court further found that Defendants "have not provided any evidence to contradict the every twelve hour directive." (*Id.*)

Over a year later, on March 9, 2018, Defendants filed a motion for reconsideration of the Court's January 2017 Order ("Motion") (ECF No. 180), which Plaintiff opposes (ECF

No. 224).[1] Defendants argue the Court should reconsider its January 2017 Order "in light of newly discovered evidence." (*Id.* at 6.) However, the purported "newly discovered evidence" consists of Plaintiff's medical records that were part of Plaintiff's file and accessible to Defendants when they filed their initial motion for summary judgment.[2] The Court finds that Defendants have not met their burden to warrant reconsideration.

Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). A district court may also decline to consider claims and issues that were not raised until a motion for reconsideration. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992), *impliedly*

---

[1]Defendants assert that they seek reconsideration of the Magistrate Judge's Order (ECF No. 62), but the undersigned issued that order.

[2]Defendants rely on a declaration from Carol Meyer, a licensed nurse practitioner with Renown Hospital and a Hometown Health HIV telemed provider who provides services to NDOC (ECF No. 180-4 at 2). (ECF No. 180 at 3.) Defendants assert that they were unable to obtain Ms. Meyer's declaration before November 9, 2017 due to Renown Hospital's former policy of prohibiting their employees from providing declarations for lawsuits. (*Id.*) This suggests Defendants were aware of the content of Ms. Meyer's declaration, so the evidence is technically not "newly discovered." *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413-14 (8th Cir. 1988) (stating that motions for reconsideration are not justified on the basis of new evidence that could have been discovered prior to the court's ruling). Defendants also fail to explain why they waited another five months—from November 9, 2017 to March 9, 2018—to file their Motion. More importantly, Ms. Meyer's declaration does not contradict Plaintiff's contention that he was required to take his two HIV medications with food every twelve hours. Ms. Meyer's declaration states that Plaintiff takes two medications for his HIV—Novir 600 mg and Invirase 400 mg—twice daily with food between the hours of 5-7 a.m. and 5-7 p.m. (ECF No. 180-4.) The additional two hour spectrum—between twelve to fourteen hours instead of twelve hours—does not undermine Plaintiff's contention or the Court's finding that Plaintiff satisfied the imminent danger exception.

*overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003).

Defendants have not presented newly discovered evidence to persuade the Court to reconsider. The evidence cited in the Motion was within Defendants' possession when they briefed the issue of Plaintiff's claimed imminent danger. As for any new arguments raised, the Court declines to consider them given the opportunity Defendants had to raise them in connection with their initial motion for summary judgment and their delay of over a year to raise the threshold issue of Plaintiff's *in forma pauperis* status. For these reasons, the Court denies Defendants' motion for reconsideration (ECF No. 180).

While the Court denies Defendants' Motion, the Court disagrees with Plaintiff that Defendants' Motion is frivolous. Accordingly, the Court denies Plaintiff's motion for sanctions (ECF No. 223).

The Court finds that compelling reasons support Defendants' request to file Plaintiff's medical records under seal. Defendants' motion to file under seal (ECF No. 181) is granted.

The Court grants Plaintiff's motions for extension of time to file his opposition to the Motion (ECF Nos. 197, 218) *nunc pro tunc*. The Court also grants Defendants' motion for extension of time to file a reply (ECF No. 227) *nunc pro tunc*.[3]

### 2. Motions for Extension of Time (ECF Nos. 184, 250, 251) and Related Filings (ECF Nos. 188, 194, 204, 205, 239)

LR IB 3-1(a) provides that a party who wishes to object to a magistrate judge's pretrial orders has fourteen days from service of the order to file an objection. A party who asks for an extension of the deadline after its expiration must show that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a

---

[3] Defendants sought an extension until May 11, 2018 to file a response to Plaintiff's opposition. (ECF No. 227 at 2.) However, Defendants did not file a response. Regardless, the Court's decision is based on Defendants' failure to meet their burden in seeking reconsideration in Defendants' Motion, not based on any failure to file a reply brief.

3

four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 395, (1993)).

Plaintiff has filed the following motions for extension of time to object to Judge Cooke's pretrial orders *after* the fourteen day deadline for objection under LR IB 3-1(a) had expired: (1) motion filed on March 13, 2018 to object to two orders (ECF Nos. 170, 171) issued on January 24, 2018 (ECF No. 184) ("March 13 Motion"); (2) motion filed on June 13, 2018 to file an objection to an order (ECF No. 242) issued on May 16, 2018 (ECF No. 250); and (3) motion filed on June 13, 2018 to object to an order (ECF No. 243) issued on May 17, 2018 (ECF No. 251). However, Plaintiff has failed to show that his delay in seeking extensions was due to excusable neglect. In the latter two motions, Plaintiff asks for an extension without stating the reason, let alone showing his delay amounted to excusable neglect. In the first motion—the March 13 Motion—Plaintiff asserts that "[a]s of 3-2-18 Plaintiff has had no property/legal materials being housed in unit 9 infirmary and access to law library once per week but without any property plaintiff cannot properly object or file any objections to (MJ) (#s 170, 171) orders." (ECF No. 184 at 1.) The claimed lack of access to materials occurred as of March 2, 2018, but the deadline to file objections to two January 24, 2018 orders had long expired. Moreover, on February 15, 2018, Plaintiff filed a ten-page motion to reopen discovery and to reconsider other discovery orders that he signed on February 11, 2018 (ECF No. 176), which shows that he had the means to prepare documents for filing as of that date. Plaintiff cannot show that the delay until March 13, 2018 to ask for an extension to object to two orders issued on January 24, 2018 was due to excusable neglect.

Accordingly, Plaintiff's three motions for extension of time (ECF Nos. 184, 250, 251) are denied. This renders Plaintiff's objection (ECF No. 188) to the orders issued on January 24, 2018 (ECF Nos. 170, 71) untimely filed. The Court will strike Plaintiff's

4

objection (ECF No. 188) and request for judicial notice (ECF No. 239). Defendants' motion to strike that objection (ECF No. 194) is denied as moot. The other motions relating to Defendants' motion to strike (ECF Nos. 204, 205) are also denied as moot.

### 3. Miscellaneous Motions (ECF Nos. 186, 198)

On March 22, 2018, Plaintiff filed a motion to stay where he alleged he "has no property and cannot properly argue, cite any exhibits or law in reliance." (ECF No. 186.) Several days later, on March 28, 2018, Plaintiff filed a motion to lift stay where he "requests lift of any stay granted." (ECF No. 198.) Because the Court did not impose a stay and because the reason that led to Plaintiff's motion to stay appears to have been resolved in light of the documents Plaintiff filed since March 22, 2018, the Court denies both motions (ECF Nos. 186, 198) as moot.

### 4. Conclusion

For the reasons stated above, the Court denies the motions filed as ECF Nos. 180, 223, 184, 250, 251, 194, 204, 205, 186, and 198. The Court grants the motions filed as ECF Nos. 197, 218, and 227 *nunc pro tunc*. The motion to seal (ECF No. 181) is granted.

The Clerk is directed to strike Plaintiff's objection (ECF No. 188) and request for judicial notice (ECF No. 239).

DATED THIS 31st day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE