UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LANCE REBERGER,<br><br>                                 Plaintiff,<br>    v.<br>MICHAEL KOEHN, *et al.*,<br><br>                              Defendants. | Case No. 3:15-cv-00551-MMD-CBC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry ("R&R") relating to Plaintiff's second amended civil rights complaint ("SAC") filed against Defendants[1] (ECF No. 8.) and Defendants' related motion for summary judgment ("Motion") (ECF No. 189). (ECF No. 267.) In the R&R, Judge Carry recommended that this Court grant summary judgment for Defendants. (ECF No. 120 at 1, 13.) Plaintiff was provided additional time and copy work to file an objection. (ECF Nos. 122,124, 127.) To date, Plaintiff has not filed his objection. For the reasons stated below, the Court accepts and adopts the R&R in its entirety.[2]

**II.    BACKGROUND**

Plaintiff who is an inmate in custody of the Nevada Department of Corrections ("NDOC") brought this case under 42 U.S.C. § 1983. (ECF No. 8.) The events giving rise to this case occurred while Plaintiff was housed at Ely State Prison ("ESP") in Ely, Nevada and at High Desert State Prison ("HDSP") in Indian Springs, Nevada. (*Id.*)

///

---

[1] Defendants are Romeo Aranas, Dawn Jones, Michael Koehn, and Teresa Stark. (*See, e.g.*, ECF No. 267 at 1; ECF No. 9 at 3.)

[2] In addition to the Motion and R&R, the Court has considered Plaintiff's response (ECF No. 247) and Defendants' reply (ECF No. 255).

Following screening, Plaintiff was allowed to proceed with both claims he asserted in the SAC—for deliberate indifference to his serious medical needs under the Eighth Amendment (Count I) and retaliation under the First Amendment (Count II). (ECF Nos. 8, 9.) Both counts focus on Defendants' alleged refusal to permit Plaintiff to have his HIV medication "Keep on Person" ("KOP") and are contextualized by Plaintiff's assertion that this medication is "required to be consumed with food every 12 hours—*no exceptions*." (ECF No. 8 at 4–5) (emphasis added).

Further background regarding Plaintiff's allegations and Defendants' responses are explained in detail in the R&R (ECF No. 267), which this Court adopts.

### III. LEGAL STANDARD

#### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226

///

(accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff has failed to file an objection, the Court nevertheless finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R, the briefs and records in this case, this Court finds good cause to adopt the R&R in full.

### B.   Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in

the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV. DISCUSSION**

In the R&R, Judge Carry recommended granting summary judgment on both counts Plaintiff alleges. The Court agrees with the R&R and therefore grants summary judgment for Defendants accordingly.[3]

**A. Deliberated Indifference**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, *medical care*, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (emphasis added). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). The subjective requirement demands that the prison official must be aware of and disregard the risk to the inmate's health or safety. *Id.* at 837; *see also id.* at 834 (internal quotation and citation omitted) ("The second requirement follows from the principle that only the unnecessary wanton infliction . . . implicates the Eighth Amendment."). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

///

---

[3]The Court need not address Defendants' qualified immunity argument. (ECF No. 189 at 10–13; ECF No. 267 at 11–13.)

4

Cir. 2006) (internal quotations and citation omitted). But ultimately, a showing of deliberate indifference requires a plaintiff show (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.*

Here, Plaintiff cannot prove Defendants were deliberately indifferent to his serious medical needs because it is undisputed that Defendants provided Plaintiff with his medications *as prescribed*. Plaintiff particularly argues that Defendants are deliberately indifferent to his worsening condition by failing to provide him with his medications every 12 hours, "no exception" per Norvir's—one of the medications he takes for his HIV—and, AbbVie's—that medication's manufacturer—directives. (*See, e.g.*, ECF No. 247 at 5–6, 9, 11–15, 18–19, 28–29, 38.) Plaintiff contends that Defendants have no discretion in distributing his HIV medications. (*Id.* at 29.) However, Plaintiff's contentions are belied by AbbVie—as demonstrated by Plaintiff's own exhibits (ECF No. 247 at 38–40 ("Exh. K-1 through K-3")). In response to Plaintiff's inquiry to AbbVie whereby Plaintiff requested that Abbvie defines "Twice-Daily Dosing" *(id.* at 38, 40), AbbVie provided:

> For adult patients taking Norvir tablets, the recommended dosage of Norvir is 600 mg twice daily by mouth to be taken with meals. *Patients should not alter the dose* or discontinue therapy *without consulting with their doctor*.
>
> Generally, multiple daily doses should be evenly divided *unless otherwise stated by the prescriber*. Twice-daily-administration refers to administration of the medication every 12 hours. Please refer to your prescribing healthcare provider for additional information.

(*Id.* at 40.) Thus, AbbVie's response does not support Plaintiff's "no exception" contention.

Plaintiff provides other documents, such as print-outs from drugs.com, pertaining to other medications he takes for his HIV that similarly do not support his "no exception" position. (*Compare* ECF No. 247 at 5–6 *with id.* at 41–44.) Pertinently, the only other drug-related-information Plaintiff offers as evidence of Defendants' alleged deliberate indifference pertains to the drug Invirase. (ECF No. 247 at 11–15, 18–19.) However, Plaintiff's medication prescriber, who is not a party to this action—nurse practitioner, Carol Meyer—states in her declaration that Plaintiff takes his HIV medications, expressly Norvir and Invirase, "between the hours of 5–7 a.m. and 5–7 p.m." (ECF No. 189-2 at 2.) She

instructs that "[t]his regiment is appropriate for the management of [Plaintiff's] HIV." (*Id.*; *see also, e.g.*, ECF No. 15-1(sealed) at 4, 6 (Plaintiff's medical records noting "C. Meyer APN").)[4]

Thus, at most, the evidence demonstrates that there is a mere difference in opinion between Plaintiff and his medical providers, which cannot support a finding of deliberate indifference. *See, e.g.*, *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs); *Franklin v. Oregon, State Welfare Div.*, 662 F.3d 1337, 1344 (9th Cir. 1981) (providing that a "difference of opinion between a prisoner-patient and a prison medical provider regarding treatment does not amount to deliberate indifference"). Accordingly, the Court accepts and adopts Judge Carry's recommendation that Defendants be granted summary judgment on Plaintiff's deliberate indifference claim.

**B.     Retaliation**

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004).

As noted, this claim also focuses on Plaintiff's position that his HIV medication must be administered every 12 hours without exception. (ECF No. 8 at 4.) In the SAC, Plaintiff contends that by refusing to give him his medication as he wants—KOP, Defendants are attempting to manipulate the timing of his medication to kill him in retaliation for grievances he filed against Defendants. (ECF No. 9 at 6; ECF No. 8 at 6–7.) However, the fact that

///

---

[4]Without citing corroborating evidence, Plaintiff asserts that Meyer's declaration is "just plain false." (ECF No. 247 at 4, 17.) He further contends that Meyer's declaration is inadmissible because he "was denied all discovery concerning [her]." (*Id.* at 17.) Notably, however, Plaintiff indicates that he has had multiple teleconferences with Myers (*id.* at 16).

Plaintiff is being provided his medication in intervals based on Meyer's prescriptions leads to the reasonable conclusion that the failure to provide Plaintiff's HIV medication as Plaintiff seeks does not amount to adverse action by Defendants. Moreover, the evidence supports the conclusion that Defendants were advancing a legitimate correctional goal by not providing Plaintiff his medication KOP—to protect Plaintiff because Defendants suspected he wanted to intentionally overdose on his medications (*see* ECF No. 191-1 (sealed) at 7.)[5] *See, e.g., Shepard v. Quillen*, 840 F.3d 686, 691–92 (9th Cir. 2016) (striving for "unharmed prisoners" is a legitimate correction goal). Defendants' conduct was also reasonable because they otherwise provided Plaintiff his medication as prescribed, which, as Meyers attests, is appropriate for the management of Plaintiff's HIV (ECF No. 189-2 at 2). The Court therefore agrees with Judge Carry's recommendation to grant summary judgment in favor of Defendants on this claim.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 267) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 189) is granted.

///

///

///

---

[5](*See* ECF No. 191-1 (sealed) at 7 ("Inmate wrote kite requesting to have his AM meds delivered with his PM meds so he could take it as KOP in the morning . . . [inmate] was not taking his meds properly getting himself sick . . . Dr. Koehn charted that '[t]here is also the question of possible overdose of HIV meds, which may have caused the 1st seizure-like episode . . ..'").)

7

The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

DATED THIS 21st day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE